# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANG KOO PARK, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EVANSTON INSURANCE CO., et al., | : | No. 19-4753 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                       **March 4, 2020**

Sang Koo Park and Bong Ho Park sued Evanston Insurance Company and Markel Corporation alleging breach of contract and bad faith. Defendants have moved to dismiss the case for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

According to the Complaint, in August of 2018, Plaintiffs filed a claim pursuant to a commercial insurance policy issued by Defendants, which covered Plaintiffs' commercial business. Plaintiffs claimed that a plumbing failure in the building caused significant water damage to the basement of the property. Around August 15, 2018, Defendants acknowledged receipt of the claim and on November 19, 2018, Defendants denied the same. (Compl. ¶¶ 8-10.) Plaintiffs allege that the damage to the basement was a covered loss under the insurance policy issued by Defendants and denial of the claim constitutes a breach of contract and bad faith. Plaintiffs sued in the Court of Common Pleas of Philadelphia County and Defendants removed the case to this Court.

**II.     STANDARD OF REVIEW**

In deciding a motion to dismiss for "failure to state a claim upon which relief can be granted," the Court must accept as true all factual allegations in the complaint and make all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *McDermott v. Clondalkin Group, Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

**III.    DISCUSSION**

  *A.  Breach of Contract*

First, the Court will consider whether the Complaint states a claim for breach of contract. The Court finds that it does. "Under Pennsylvania law, a party alleging breach of contract must establish (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 485 (E.D. Pa. 2018) (citation and internal quotation marks omitted). Here, Plaintiffs properly allege that an insurance contract existed between Plaintiffs and Defendants. (Compl. ¶ 6.) They further allege that they complied with all necessary conditions under the contract, suffered a "covered loss," and Defendants failed to pay their claim. (*Id*. ¶¶ 12-13; 17-18.) Thus, Plaintiffs have alleged a breach of the insurance contract. Finally, Plaintiffs allege that they have suffered resultant damages. Plaintiffs allege that they paid more than $200,000 to repair the damage to their business

and replace lost inventory, which, according to Plaintiffs, were covered losses under the insurance contract. (*Id*. ¶¶ 14-16.) Plaintiffs have pled facts sufficient to support a cause of action for breach of contract. Defendants' motion to dismiss Plaintiffs' breach of contract claim is denied.

### B. Bad Faith

Next, the Court will consider whether the Complaint properly states a claim for bad faith. After careful consideration, the Court finds that it does not. Under Pennsylvania law, to prevail in a bad faith action pursuant to 42 Pa. C.S.A. § 8371, a plaintiff must establish: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). "A plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). He or she cannot simply state the insurer acted unfairly, the complaint "must describe with specificity what was unfair." *Id.*

Here, Plaintiffs allege that Defendants acted in bad faith as they, "ha[d] no reasonable and sufficient basis for [their] conclusion to deny coverage[.]" (Compl. ¶ 22.) The Complaint does not contain any factual allegations that relate to why Defendants' alleged acts or omissions were unreasonable. Plaintiffs' conclusory allegations are not supported by specific facts sufficient to state a plausible claim for relief. Courts consistently hold that bare-bones allegations of bad faith such as these, without more, are insufficient to survive a motion to dismiss. *See e.g.*, *Smith v. State Farm Mut. Auto Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012) ("the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith."); *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 557 (E.D. Pa. 2019) (conclusory allegations that an insurer "unreasonably withheld the payment of [UIM] benefits under the policy … failed to engage

in good faith negotiations … failed to perform an adequate investigation" were insufficient to state a claim for bad faith); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, F. Supp. 2d 591, 599 (E.D. Pa. 2010) (allegations of bad faith including, "(a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis" constituted "conclusory legal statements and not factual averments.").

Here, Plaintiffs failed to state a plausible claim for bad faith. As such, Defendants' motion to dismiss Plaintiffs' bad faith claim is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is granted in part and denied in part. Plaintiffs, however, may amend their bad faith claim. An order consistent with this Memorandum will be docketed separately.